**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONY JAVIER GONZALEZ MEJIA,<br>    Petitioner,<br><br>    v.<br><br>LEONARD ODDO, et. al.,<br>    Respondents. | )<br>)<br>)<br>)    Civil No. 26-49<br>)<br>)<br>)<br>) |

**OPINION**

Pending before the court is a Notice of Noncompliance with Court Order (ECF No. 18) filed on behalf of Petitioner, which the court interprets as a second motion to enforce the court's order that Petitioner receive an individualized bond hearing.[1]  The government filed a response to the motion (ECF No. 22), and Petitioner filed a reply and corrected reply (ECF Nos. 23, 24). Respondents filed a sur-response (ECF No. 28).  Upon review of the filings, the court ordered the parties to provide a transcript of the full bond hearing held on March 5, 2026 (*see* ECF No. 18 at 17). The transcript was provided (ECF No. 27), which the court reviewed.  The second motion to enforce is ripe for decision.

In this motion, Petitioner, an 18-year-old individual from Honduras, argues that the hearing was not conducted by a neutral arbiter, did not result in an individualized determination, and failed to comply with the court's April 15, 2026 order.  Petitioner submitted a transcript of

---

[1] The court issued an order on April 15, 2026, which granted in part the habeas petition (ECF No. 1), and directed a bond hearing to be held within 10 days of its order (ECF No. 11).  Petitioner filed his first motion to enforce on April 28, 2026 (ECF No. 14).  Upon receipt of Petitioner's motion, government counsel discovered that he inadvertently sent the court's order to the wrong email address for ICE (ECF No. 15 at 1).  Counsel immediately contacted ICE and on April 29, 2026, Petitioner received an individualized bond hearing (ECF Nos. 16, 17).  The court denied the first motion to enforce the court's order as moot (ECF Nos. 20, 21).

the bond hearing, which the court reviewed (ECF No. 18 at 9-24).  Petitioner argues that he did not receive "a fresh and individualized custody determination" (ECF No. 24 at 1).

Respondents argue the motion should be denied.  They contend: (1) Petitioner did not exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the April 29, 2026 bond hearing, which was provided by Petitioner.  The record reflects that Petitioner submitted evidence to the immigration judge in advance of the hearing, including letters of support and photos (ECF Nos. 24 at 2, 24-1), and counsel made arguments on his behalf.  The immigration judge noted there had been a full bond hearing on March 5, 2026, at which the immigration judge denied bond on the basis that Petitioner was a flight risk, and that Petitioner was ordered removed on February 7, 2024 (ECF No. 18 at 16-17). The government attorney opposed bond on the basis of flight risk. While Petitioner did not testify[2], counsel for Petitioner was allowed to make arguments and proffered facts on Petitioner's behalf.

After reviewing the record, the court concludes the immigration judge made an individualized determination.  The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision.  The decision was based on flight risk.  The immigration judge noted that there were no material changes in circumstances since the full bond hearing in March 2026; that Petitioner came into the United States as an unaccompanied minor, had limited ties to the United States, and had not been here for an extensive period of time.  (ECF No. 18 at 17).  The immigration judge doubted that Petitioner would succeed on his appeal.  The immigration judge incorporated the reasons set forth at the full bond hearing in March 2026.  *Id.*[3]

---

[2] Whether to permit testimony is a discretionary decision for the immigration judge.  *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

[3] The immigration judge explained at the full bond hearing:  "When someone is told that they have no avenue of relief in the United States, their incentive to appear for any immigration proceeding is significantly lessened, if not nonexistent."  ECF No. 26 at 9.

Those are individualized circumstances, which the immigration judge considered.  The immigration judge was not convinced by counsel's argument that Petitioner did not pose a flight risk.  Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair.  This court lacks jurisdiction to overturn the immigration judge's discretionary determination.  *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.  Under those circumstances, any other arguments are beyond the scope of this court's review.  *See Ghanem*, 2022 WL 574624 at *2. The court need not address the parties' dispute about exhaustion of administrative remedies.

Because Petitioner received an individualized bond hearing, the second motion to enforce court order (ECF No. 18), will be denied.

An appropriate order follows.

Dated:  June 25, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge